# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE L. WISHNEFSKY, ) | |
| ) | Civil Action No. 15 – 148J |
| Plaintiff, ) | |
| ) | District Judge Kim R. Gibson |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| M.D. JAWAD A. SALAMEH, ) | |
| ) | |
| Defendant. ) | |

## AMENDED MEMORANDUM ORDER

Upon review of Defendant's Motion to Vacate (ECF No. 12) this Court's Order dated June 4, 2015, which granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff's Response in Opposition thereto (ECF No. 15), the following Amended Memorandum Order is entered.[1]

Defendant maintains that Plaintiff has accumulated at least "three strikes" within the meaning of 28 U.S.C. § 1915(g), and, as such, he cannot proceed *in forma pauperis* in this action. Plaintiff maintains that he has, at most, one strike.

The "three strikes rule"[2] is codified at 28 U.S.C. § 1915(g) and provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] This Order amends the Order dated July 9, 2015, which granted Defendant's Motion to Vacate.

[2] *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), *cert. denied*, 533 U.S. 953 (2001).

1

28 U.S.C. § 1915(g). In sum, under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[3]

While not all of the cases that Defendant relies on in support of his motion were dismissed as frivolous, malicious, and/or for failure to state a claim, Plaintiff has had at least three cases dismissed on that basis.[4] Specifically, Wishnefsky v. Ouly, et al., 1:98-cv-907 (M.D. Pa. 1998) (dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on October 4, 1999); Wishnefsky v.

---

[3] The Third Circuit Court of Appeals has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included in the amount of strikes under section § 1915(g). *See* Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

[4] In support of his motion, Defendant relies on Wishnefsky v. Commonwealth of Pennsylvania, et al., 2:96-cv-7964 (E.D. Pa. 1996) and Wishnefsky v. Salameh, 3:08-cv-128 (W.D. Pa. 2008). However, these two cases were decided in favor of the Defendants on a Motion for Judgment on the Pleadings and Motion for Summary Judgment, respectively. While most of Plaintiff's claims in both of these cases were dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, some claims survived dismissal. Consequently, these cases do not count as "strikes". *See* Ball v. Famiglio, 726 F.3d 448, 463-64 (3d Cir. 2013) (explaining that a strike will accrue only if the *entire action* or appeal is dismissed on one of the enumerated grounds).

Defendant also relies on Wishnefsky v. Addy, 2:97-cv-2500 (E.D. Pa. 1997), which was dismissed on July 11, 1997. However, according to the Court's research, Plaintiff was not incarcerated at the time this action was filed, and therefore was not a "prisoner" within the meaning of § 1915(g). Moreover, this case was dismissed for failure to state a claim and for lack of subject matter jurisdiction. *See* Wishnefsky v. Addy, 969 F.Supp. 953 (E.D.Pa July 11, 1997). Courts have held that a dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) does not count as a strike within the meaning of 1915(g). *See* Thompson v. Drug Enforcement Admin., 492 F.3d 428, 437 (D.C. Cir. 2007); Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011). Thus, it is unclear whether the Court would be permitted to count this dismissal as a strike even if Plaintiff were a prisoner at the time he filed it. *See* Ball, 726 F.3d at 463-64 (3d Cir. 2013) (explaining that a strike will accrue only if the *entire action* or appeal is dismissed on one of the enumerated grounds).

2

Carroll, et al., 4:99-cv-1494 (M.D. Pa. 1999) (dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on December 3, 1999); and Wishnefsky v. Kurtz, et al., 4:99-cv-1889 (M.D. Pa. 1999) (dismissed pursuant to 28 U.S.C. § 1915A as being frivolous and for failure to state a claim on November 12, 1999).[5] Furthermore, even though Plaintiff did not proceed *in forma pauperis* in all of the aforementioned cases, the Third Circuit Court of Appeals has held that "strikes may be accrued in actions or appeals regardless of whether the prisoner has prepaid the filing fee or is proceeding IFP." Byrd v. Shannon, 715 F.3d 117, 124 (3d Cir. 2013).

Plaintiff maintains that the dismissal in Wishnefsky v. Carroll, et al., 4:99-cv-1494 (M.D. Pa. 1999), does not count as a strike because it was a RICO (Racketeer Influenced and Corrupt Organizations Act) action, and not civil rights. However, this distinction is of no consequence within the meaning of § 1915(g). *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more occasions, . . . brought *an action* . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .") (emphasis added). *See also* Bonner v. Bosworth, 451 F. App'x 410, 412 (5th Cir. 2011) (affirming the district court's dismissal of plaintiff's complaint alleging RICO claims as frivolous and for failure to state a claim and stating that the district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g)); McPherson v. Curry, 253 F.3d 706 (5th

---

[5] To the extent any appeal was taken, the Third Circuit Court of Appeals affirmed the District Court's orders of dismissal. If the Court of Appeals dismisses as frivolous a prisoner's appeal of an action which the district court dismissed on grounds that the action was frivolous, malicious, or failed to state a claim for relief, both dismissals count as strikes. Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780-81 (10th Cir. 1999). Additionally, if the Court of Appeals dismisses as frivolous a prisoner's appeal of an action for which the district court entered judgment for defendant, the dismissal of the appeal counts as one strike. Id. at 781. In Plaintiff's case, however, the Third Circuit Court of Appeals did not dismiss any appeal as frivolous but simply affirmed the District Court's orders of dismissal. The Third Circuit has held that "an affirmance of a district court's dismissal does not" count as a strike. *See* Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013).

Cir. 2001) (stating that district court's dismissal of plaintiff's claims brought under, *inter alia*, RICO as frivolous counts as a strike for purposes of § 1915(g)); Keys v. Pennsylvania, 2011 WL 766978, at n.17 (M.D. Pa. Jan. 19, 2011) (upon screening of complaint, recommending dismissal of action, which included RICO claims, and stating that it may constitute the plaintiff's third strike under § 1915(g) if the court dismisses the entire case), adopted by 2011 WL 766950 (M.D. Pa Feb. 25, 2011) (dismissing complaint).

Plaintiff also maintains that the dismissal in Wishnefsky v. Kurtz, et al., 4:99-cv-1889 (M.D. Pa. 1999), does not count as a strike because the defendants' motions to dismiss were denied before the case was transferred to the Middle District of Pennsylvania. Plaintiff is incorrect. While it is true that this action was originally filed in the United States District Court for the Eastern District of Pennsylvania, Wishnefsky v. Kurtz, et al., 2:98-cv-593 (E.D. Pa. 1998), and it is also true that the defendants filed motions to dismiss that were denied by the court in the Eastern District, following the denial of those motions Wishnefsky voluntarily dismissed his claims against two of the three defendants and the case was thereafter dismissed as frivolous and for failure to state a claim by the Middle District upon transfer thereto. The dismissal of the case was affirmed on appeal on May 22, 2001, with the Third Circuit stating the following:

> We agree with the District Court that Wishnefsky's complaint lacks merit, for essentially the same reasons. While it is true that the appeal raises interesting questions concerning whether the District Court's dismissal under section 1915A was improper in light of the earlier denial of the defendants' motions to dismiss, there is no need to address them here. Even if the District Court should not have dismissed the complaint under section 1915A, section 1915(e) *requires* a court to dismiss an action at *any time* if it is frivolous or fails to state a claim. We agree with the court's determination that Wishnefsky's complaint met these criteria and, thus, find that the court could properly have dismissed the complaint under section 1915(e). Although it is true that most courts have held that a complaint should not be dismissed under section 1915(e)(2)(B) unless it is clear that

4

amendment would be futile, we find that the District Court did not err in failing to
allow Wishnefsky to amend because we do not believe that amendment could
rescue his complaint.

Wishnefsky v. Kurtz, et al., No. 00-3011 (3d Cir. May 22, 2001) (footnote omitted and emphasis contained within).

Although Plaintiff's claims initially survived motions to dismiss, the claims against two of the defendants, Riley and Fanelli, were not disposed of on summary judgment, or in any other manner.[6] Instead, the claims ceased to be part of the action when Plaintiff decided to voluntarily dismiss them. The action itself, however, was dismissed on one of the enumerated grounds qualifying as a strike in § 1915(g). As aptly stated by the Sixth Circuit Court of Appeals in Taylor v. First Medical Management, 508 F. App'x 488 (6th Cir. 2012),

> A plaintiff cannot avoid incurring a strike by simply voluntarily dismissing a claim. This rule would subvert the purposes of the PLRA: a plaintiff could guard against incurring strikes by filing an action with a bogus claim and then voluntarily dismissing that claim, thereby allowing inmates to easily avoid strikes even if all of their claims were meritless. And we will not assume that a voluntary dismissal with prejudice means that a case had merit.

Id. at 497. *See also* Cain v. Com. of Va., 982 F.Supp. 1132, 1138 & n.1 (E.D. Va. 1997) (counting dismissal of action as a strike when plaintiff voluntarily dismissed claims against one defendant and then later the court dismissed the action as malicious). *But see* Tolbert v. Stevenson, 635 F.3d 646 (4th Cir. 2011) (declining to count as strike case where court dismissed some claims as frivolous and then later plaintiff voluntarily dismissed the entire action). Because this dismissal comports with the language of the statue, and the purposes of the PLRA, the Court will count it as a strike. Therefore, Plaintiff cannot proceed *in forma pauperis* in this

---

[6] In its Order dismissing the action on November 12, 1999, the Middle District noted that the motions to dismiss were denied by the Eastern District without explanation.

5

action unless he can show that he was in imminent danger of physical injury at the time he filed his Complaint.

To satisfy the imminent danger exception to the three strikes rule, a plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86.

In his Complaint, Plaintiff alleges that he was wrongfully removed from the "urinary exemption list" due to a disagreement with the prison medical department. Plaintiff states that the hand tremors he experiences caused by Parkinson's disease makes it difficult for him to urinate in specimen cups used for drug testing, without spilling the specimen. Although he was originally provided with an exemption that permitted him to provide a hair or oral sample, rather than a urinary sample, Plaintiff contends that Dr. Salameh recently revoked this accommodation, thereby forcing him to provide urine samples for drug testing. These allegations are insufficient to meet the imminent danger exception. *See* Carson v. TDCJ-ID, 1998 U.S. Dist. LEXIS 20046, No. 2:98-cv-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998) (allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)); Gallagher v. McGinnis, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000) (allegations of inadequate medical care for excruciating pain and ambulatory difficulties

exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury).

Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, malicious, or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will therefore vacate its prior Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* and order Plaintiff to pay the $400.00 civil action filing fee within thirty (30) days of this Order.[7] See Howard v. Tennessee, Dept. of Corrections, No. 1–12–0004, 2013 WL 3353893, at *3 (M.D.Tenn., July 2, 2013) (in circumstances where the prisoner was improperly granted IFP status even though he had already acquired three strikes "the proper remedy is to vacate the order granting plaintiff IFP status, give plaintiff given thirty (30) days to pay the balance of the original filing fee, and if he fails to do so, to dismiss the case with prejudice for failure to prosecute."). See also Fuller v. Caruso, No. 2:12–cv–480, 2013 WL 1830856, at *1 (W.D.Mich., April 30, 2013); Rider v. Rangel, NO. 1:07-CV-1340, 2011 WL 121559 at *3 (E.D.Cal. Jan. 13, 2011), *report and recommendation adopted by*, 2011 WL 841517 (E.D.Cal. Mar 7, 2011); Bronson v. Overton, NO. CIV.A 08-52E, 2010 WL 2512345, at *1 (W.D.Pa., May 27, 2010), *report and recommendation adopted by*, 2010 WL 2519773 (W.D.Pa. June 17, 2010); Bronson v. Lamb, NO. CIV. A. 09-225, 2010 WL 936088, at *1 (W.D.Pa., Feb. 9, 2010), *report and recommendation adopted by*, 2010 WL 934266 (W.D.Pa. March 12, 2010). If Plaintiff fails to do so, the Court will order that this action be dismissed.

---

[7] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. The $50.00 administrative fee does not apply to prisoner cases filed *in forma pauperis* under 28 U.S.C. § 1915, but if Plaintiff wishes to proceed with this action then he is subject to the $50.00 administrative fee for the reasons explained herein.

**AND NOW**, this 17th day of July, 2015, Defendant's Motion to Vacate (ECF No. 12) is **GRANTED**. The order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) is hereby **VACATED**. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is hereby **DENIED**. Plaintiff is **ORDERED** to pay the $400.00 filing fee in full by August 7, 2015, or the case will be dismissed without further warning for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

/s/ Lisa Pupo Lenihan
Lisa P. Lenihan
United States Magistrate Judge

cc: Bruce L. Wishnefsky
DQ-4829
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501