IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE L. WISHNEFSKY, ) | |
| ) | Civil Action No. 15-148J |
| Plaintiff, ) | |
| ) | District Judge Kim R. Gibson |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| M.D. JAWAD A. SALAMEH and PA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM ORDER

### A. Background

This civil action was commenced on May 26, 2015 when Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) While that Motion was initially granted (ECF No. 3), the Magistrate Judge later vacated that Order on July 17, 2015 due to the fact that Plaintiff had accumulated at least "three strikes" within the meaning of 28 U.S.C. § 1915(g), and, as such, could not proceed *in forma pauperis* without a showing of imminent danger of serious physical injury, which the Magistrate Judge determined he had not shown in his Complaint. (ECF No. 16.) Plaintiff appealed the Magistrate Judge's ruling to the Court, which denied his objections by Order dated September 2, 2015. (ECF No. 27.) In that Order, Plaintiff was directed to pay the full filing fee if he wanted to proceed with this action. (ECF No. 28.) He did not do so, and the case was ultimately dismissed without prejudice to his right to reopen it if he paid the full filing fee. (ECF No. 30.)

1

Plaintiff filed an appeal to the Third Circuit Court of Appeals, claiming that this Court had erred in its three strikes determination and its finding that he was not in imminent danger of serious physical injury at the time he filed his Complaint. (ECF No. 33.) The Circuit held that Plaintiff had met the standard to show that he was in imminent danger of serious physical injury based on his claims related to a refusal or failure to treat a medical condition, and therefore reversed and remanded the case for further proceedings. (ECF No. 36.)

Upon remand, Plaintiff filed a Motion to Amend his Complaint (ECF No. 37), which was granted (ECF No. 38). His Amended Complaint was filed on June 29, 2016. (ECF No. 39.) In response, Defendants Dr. Jawad A. Salameh and the Pennsylvania Department of Corrections filed Motions to Dismiss Plaintiff's Amended Complaint, (ECF No. 40, 48), to which Plaintiff filed Briefs in Opposition (ECF Nos. 51, 54, 59.)

On November 18, 2016, the Magistrate Judge issued a Report and Recommendation recommending that the Motions be granted and that Plaintiff's Amended Complaint be dismissed with prejudice for failure to state a claim. (ECF No. 62.) The parties were informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties had fourteen days from the date of service to file objections to the Report and Recommendation. Plaintiff filed timely Objections to the Report and Recommendation on December 5, 2016, (ECF No. 63), along with a Motion to File a Third Amended Complaint (ECF No. 64).

### B. **Standard of Review**

The Court undertakes a *de novo* review of the portions of the Report and Recommendation to which a party has objected. *See* 28 U.S.C. § 636(b)(1); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or

2

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## C. **Plaintiff's Objections**

Plaintiff raises seventeen objections to the Report and Recommendation ("R&R"). (ECF No. 63.) The Court will consider each one.

First, Plaintiff objects to the R&R's recommendation that his Amended Complaint be dismissed with prejudice for failure to state a claim because the Magistrate Judge did not consider his supplemental pleading filed on September 6, 2016. (ECF No. 63, p.1.) While it is true that there is no mention of Plaintiff's supplemental pleading in the R&R, there is also nothing contained within that two-page supplemental pleading that is relevant to the question of whether Plaintiff's claims have merit. Therefore, this first objection is overruled.

Second, Plaintiff objects to the Magistrate Judge's failure to advise him in the R&R that he could file a curative amendment to cure the deficiencies noted in the R&R. (ECF No. 63, p.1.) However, the Magistrate Judge recommended that all of Plaintiff's claims be dismissed with prejudice, and, contrary to Plaintiff's objection, she did not find any deficiencies that could be corrected with an amendment. While Plaintiff is correct that the court must allow for amendment by a plaintiff in a civil rights case brought under 42 U.S.C. § 1983 before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, it is not required when doing so would be "inequitable or futile." *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Although the Magistrate Judge did not specifically state that amendment in this case would be futile, it was implied by her recommendation that all of the claims be dismissed with prejudice. As such, this second objection is overruled.

Third, Plaintiff objects to the fact that the standard of review section in the R&R omitted reference to the law that on a Rule 12(b)(6) motion, the facts alleged by the plaintiff must be taken as true and that reasonable inferences should be drawn from the facts in favor of the plaintiff. (ECF No. 63, pp.1-2.) However, it is noted that Plaintiff does not object to the standard of review *applied* by the Magistrate Judge in the R&R, only that she did not state it in full in the standard of review section. The Court finds that this objection is not relevant to the Magistrate Judge's recommendation as to the disposition of his claims. Nevertheless, a review of the R&R reveals that the Magistrate Judge cited the proper standard of review to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6). (ECF No. 62, p.3.) Therefore, this objection is overruled.

Fourth, Plaintiff objects to the statement made by the Magistrate Judge on page 6 of the R&R. Specifically, the statement, "Plaintiff was upset about being removed from the exemption list and requested the consultation as a result." (ECF No. 63, p.2.) Plaintiff claims that this statement is not supported by any of his factual allegations and impermissibly draws inference against him based on an argument made in Dr. Salameh's brief. As an initial matter, Plaintiff's reference to this statement is taken out of context and not even stated in full. The R&R reads, "Plaintiff alleges no new facts that would suggest that a new or urgent medical issue had emerged which required immediate medical attention at the time of his discussion with Dr. Salameh on November 11, 2014. Rather, it appears that Plaintiff was upset about being removed from the exemption list and requested the consultation as a result." (ECF No. 62, p.6.) The Magistrate Judge did not impermissibly draw any inferences against Plaintiff by making this statement, but instead she simply observed that it could have been the reason behind why Plaintiff requested the consult. Nevertheless, as explained in the next paragraph, Plaintiff's

4

motives in requesting a urology consult were irrelevant to the Magistrate Judge's finding that Dr. Salameh was not deliberately indifferent to Plaintiff's serious medical needs by denying him a consultation with a urologist. Plaintiff's fourth objection is therefore overruled.

In Plaintiff's fifth objection, he states that the Magistrate Judge impermissibly considered his motive in requesting the urology consult. (ECF No. 63, p.2.) However, the Magistrate Judge set forth many reasons as to why Plaintiff had not demonstrated deliberate indifference on the part of Dr. Salameh and not one of those reasons took into consideration Plaintiff's motives for requesting the consultation. The Magistrate Judge simply set forth a theory as to why Plaintiff requested the consult but she went on to explain the many reasons why the Amended Complaint failed to state a deliberate indifference claim against Dr. Salameh for denying Plaintiff the urology consult; namely, (1) that Plaintiff's Benign Prostatic Hyperplasia ("BPH") has been known since he was initially incarcerated in 1998 and it has not gone untreated while he has been in state custody, (ECF No. 62, p.6); (2) there were no previously unknown conditions or symptoms and no new or urgent medical issues with Plaintiff's BPH that required a consultation, (ECF No. 62, p.6.); (3) he was not in substantial risk of serious harm, (ECF No. 62, p.7); and (4) he did see two other doctors about his urinary issues, although neither was a urologist, and one of those doctors told Plaintiff that Dr. Salameh would not approve a consultation with a urologist unless there were a complete blockage of Plaintiff's urine, (ECF No. 62, p.8). Plaintiff's motivation for requesting the consult was clearly irrelevant to the Magistrate Judge's finding. As such, this objection is overruled.

In Plaintiff's sixth objection, he appears to contend that, contrary to what is in the R&R, new developments in his physical condition did in fact prompt his request for the urology consult. (ECF No. 63, pp.2-3.) In this regard, he has submitted a proposed Third Amended

5

Complaint in which he alleges that he was having "increased urinary problems" sometime around October 27, 2014, and in response was seen by Dr. Mihaly, who increased his Hytrin dosage from 15 mg to 20 mg, the maximum dosage permitted, and allegedly told him that other treatments should be considered. (ECF No. 64-1, p.17.) Plaintiff also states that on November 18, 2014, Dr. Mihaly prescribed him Ditropan, which reduced his urinary frequency and increased the force of urination. He also prescribed Amantidine in December 2014 to reduce Plaintiff's tremors, which Plaintiff says seemed to work at first but soon lost its efficacy. These new allegations do not alter the Magistrate Judge's deliberate indifference analysis, and, if anything, they demonstrate that Plaintiff's condition was being treated, with some success, at the time Dr. Salameh denied the urology consult. Therefore, this objection is overruled.

In Plaintiff's seventh objection, he objects to the Magistrate Judge's finding that the facts alleged in the Amended Complaint do not support a finding that Plaintiff was at "substantial risk of serious harm." (ECF No. 63, p.3.) In support, he cites to the Third Circuit's Order in this case dated June 6, 2016, which reversed this Court's Order finding that Plaintiff had not satisfied the imminent danger exception to the three strikes rule found in 28 U.S.C. § 1915(g). In the Circuit's Order, the court stated that Plaintiff had "met the standard to show that he was in imminent danger of serious physical injury based on his claims relating to a refusal or failure to treat a medical condition . . . ." (ECF No. 36, p.2.) However, with respect to this objection, it must be noted that Plaintiff filed an Amended Complaint following the Circuit's reversal and remand of this case. (ECF No. 39.) In the Amended Complaint, Plaintiff did not assert a claim of refusal or failure to treat his medical condition like he did in his original Complaint that was before the Circuit. Instead, Plaintiff claimed that Dr. Salameh was deliberately indifferent to his serious medical needs by denying him a consultation with a urologist. (ECF No. 39-1, ¶¶ 84-86.)

6

His complaint against Dr. Salameh was not about the treatment he was allegedly receiving or not receiving for his BPH, and the Magistrate Judge correctly pointed out that Plaintiff had alleged no facts that would suggest he had a new or urgent medical issue which required medical attention. Moreover, by Plaintiff's own admissions in his Amended Complaint, he was being treated for his BPH. Therefore, this objection is overruled.

In Plaintiff's eighth objection, he claims that the Magistrate Judge did not state the full holding of Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326 (3d Cir. 1987). On page eight of the R&R, the Magistrate Judge cited Monmouth for the proposition that allegations of malpractice and disagreement as to proper medical treatment of a prisoner do not support a claim of an Eighth Amendment violation. However, Plaintiff claims that the Magistrate Judge ignored its holding that deliberate indifference is demonstrated when prison authorities prevent an inmate from seeing physicians capable of evaluating the need for such treatment. With regard to this objection, it is factually incorrect as the Magistrate Judge did not cite Monmouth for its holding. She cited Monmouth for its acknowledgment regarding an inmate's allegations of malpractice and disagreement as to proper medical care when asserting an Eighth Amendment violation. Additionally, Plaintiff's objection is legally incorrect because the holding in Monmouth concerned the constitutionality of a county order requiring inmates to secure court-ordered releases to obtain abortions while in county custody. What Plaintiff cites to in his objections is a quote from Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), and simply the Third Circuit's recognition of what can constitute deliberate indifference. Nevertheless, this objection is without merit because it has no effect on the Magistrate Judge's recommendation as to the disposition of his claims.

In Plaintiff's ninth objection, he objects to the cases cited in the Magistrate Judge's R&R that hold the failure to provide a prisoner with alternative forms of drug testing does not constitute deliberate indifference. (ECF No. 63, pp.3-4.) Plaintiff's objection to the holdings of these cases has no effect on the Magistrate Judge's recommendation as to the disposition of his claims and is therefore without merit.

In Plaintiff's tenth and eleventh objections, he objects to the Magistrate Judge's analysis of his retaliation claim under Title V, 42 U.S.C. § 12203(a) of the ADA. (ECF No. 63, pp.4-5.) Specifically, he claims that to establish the first prong for a claim for retaliation under the ADA, he need only show that he engaged in conduct specified in the statute – "opposed any act or practice made unlawful under [the ADA]" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." The Magistrate Judge found that Plaintiff's described protected activity in his Amended Complaint was his assistance to inmate Eugene Watson in Mr. Watson's action against the DOC and Dr. Salameh. She determined that the activity described was not protected because there is no constitutional right to offer legal assistance to other prisoners, and, in any event Plaintiff's assistance amounted only to taking notes and arranging papers at Mr. Watson's direction. Plaintiff asserts that the Magistrate Judge was incorrect in her analysis and that he did satisfy the first prong of his retaliation claim.

Plaintiff ignores the fact that the Magistrate Judge found, in the alternative, that Plaintiff could not satisfy the third prong of his retaliation claim even if he could somehow meet the first two prongs. Specifically, she found that he could not establish a causal connection between his conduct and the adverse action because there was more than a four year gap between when Plaintiff assisted Mr. Watson with note-taking and when Dr. Salameh took away his drug testing

8

exemption. In Plaintiff's twelfth objection, he states that the Magistrate Judge ignored his allegation that Dr. Salameh told him "that although he knows that Plaintiff likes to file grievances and lawsuits he had decided that Plaintiff's exemption from urine testing no longer exists, which is certainly circumstantial evidence that Plaintiff's litigation/grievances activities were still on Dr. Salameh's mind and were being considered before he made his decision." (ECF No. 63, p.5.) Even taking this statement as true, it does not establish a causal connection between the protected activity and adverse action. The protected activity alleged in this claim is not Plaintiff's filing of grievances and lawsuits, but rather his assistance to Mr. Watson in his lawsuit—two different activities. Therefore, this objection, as well as objections ten and eleven, is without merit.

Plaintiff's thirteenth objection is to the Magistrate Judge's conclusion that Dr. Salameh terminated his exemption based on a medical judgment. Plaintiff claims that under Pennsylvania DOC policy, medical judgments are documented and objective findings must be noted to justify a medical assessment or plan. He claims that Dr. Salameh did not terminate his exemption based on a medical judgment because Dr. Salameh did not make any objective findings to support his conclusion. This objection is without merit because whether or not Dr. Salameh complied with DOC policy has no affect as to whether or not his decision to remove Plaintiff from the exemption list was a medical judgment call. Accordingly, this objection is overruled.

Plaintiff's fourteenth objection is that the Magistrate Judge incorrectly stated that "[Dr. Salameh] told Plaintiff that he would reevaluate the situation at a later point and, if necessary, extend his allotted time." (ECF No. 62, p.14.) Plaintiff claims that Dr. Salameh actually said that "he _may_ extend the time." (ECF No. 63, p.6.) Not only is this distinction irrelevant, but

Plaintiff's objection is also irrelevant and does not alter the Magistrate Judge's recommendation as to the disposition of his claims.

Plaintiff's fifteenth objection is to the Magistrate Judge's reliance on Terbush v. Mass. Ex rel. Hampden Cty. Sheriff's Office, 987 F. Supp.109, 121-2 (D. Mass. 2013), which involved events that took place prior to the enactment of the ADA. (ECF No. 62, p.6.) In the R&R, the Magistrate Judge cited Terbush as an example of a case where the court found that Shy Bladder Syndrome did not constitute a disability. However, Plaintiff states that the ADA liberalized the standards for being a qualified individual with a disability, and therefore, the Magistrate Judge should not have cited to this case.

Plaintiff's objection is without merit because, despite citing Terbush, the Magistrate Judge made an independent determination that Plaintiff does not suffer from a qualifying disability, a finding that Plaintiff objects to in his sixteenth objection. (ECF No. 63, pp.6-7.) While it is true that urination is a major life activity, the Magistrate Judge noted that the disability at issue here was not whether Plaintiff can urinate, but whether he can urinate within a certain time limit for the purpose of drug testing. Nevertheless, the Magistrate Judge considered Plaintiff's ADA claim in the alternative and found that he was unable to state a claim even assuming that he was a qualified individual with a disability, a finding to which Plaintiff does not assert an objection. As such, Plaintiff's fifteenth and sixteenth objections are overruled.

In Plaintiff's seventeenth objection, he objects to the following statement made by the Magistrate Judge in regards to Plaintiff's due process claim: "Plaintiff does not in any way specify how an inmate's parole eligibility may be affected, much less how his own eligibility has been affected." (ECF No. 62, p.18.) Plaintiff states that he has provided in his proposed Third Amended Complaint details of how custody levels and parole eligibility can be affected.

Plaintiff's Third Amended Complaint outlines how an inmate's custody level and parole eligibility could be adversely affected by an inmate being found guilty of a misconduct. (ECF No. 64-1, pp.32-33.) However, this does not change the fact that Plaintiff is unable to state a due process violation claim because he has not thus far been subject to any sanctions as a result of violating the DOC policy requiring him to submit a urine sample within a specified period of time. An alleged speculative alteration in Plaintiff's custody level and parole eligibility does not state a claim. As such, this objection is overruled.

Therefore, upon an independent review of the record and consideration of the Magistrate Judge's Report and Recommendation, and Plaintiff's Objections thereto, the following Order is entered:

AND NOW, this 16th day of December, 2016.

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 40, 48) are **GRANTED** and Plaintiff's Amended Complaint (ECF No. 39) is dismissed with prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 62) is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File a Third Amended Complaint (ECF No. 64) is **DENIED** as futile.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Kim R. Gibson
United States District Judge

cc: Bruce L. Wishnefsky
DQ-4829
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501
*(Via First Class Mail)*

Counsel for Defendants
*(Via CM/ECF)*